IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

STEVEN MAURICE ROBINSON, :
:
    Petitioner, :
:
vs. : CIVIL ACTION 13-0553-KD-M
:
CARTER DAVENPORT, :
:
    Respondent. :

REPORT AND RECOMMENDATION

Petitioner, an Alabama prison inmate proceeding pro se, filed a petition under 28 U.S.C. § 2254 together with a Motion for Leave to Proceed Without Prepayment of Fees (Docs. 1, 2). This action, which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and is before the Court for Petitioner's failure to prosecute and to obey the Court's Order.

On November 14, 2013, the Court ordered Petitioner to complete and file this Court's forms for a petition under 28 U.S.C. § 2254 and for a motion to proceed without prepayment of fees by December 16, 2013 (Doc. 3). Petitioner was warned that his failure to comply with the Order within the prescribed time would result in the dismissal of his action for failure to prosecute and to obey the Court's Order. The Order was mailed to Petitioner at St. Clair Correctional Facility, 1000 St. Clair Road, Springville, Alabama 35146, his last known address. To date, Petitioner has not respond to the Court's Order

by filing this Court's forms for a petition under 28 U.S.C. § 2254 and for a motion to proceed without prepayment of fees, nor has his copy of the Court's Order dated November 14, 2013, been returned to the Court as undeliverable. The Court finds that Petitioner has abandoned prosecution of this action.

Due to Petitioner's failure to comply with the Court's Order, and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert.

<u>denied</u>, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 31st day of December, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE